1
2
3
4
5
6
7

I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO——       DATE——   DEPUTY CLERK:

Plaintiff on 4-10-15 by ts



**FILED**
CLERK, U.S. DISTRICT COURT

April 10, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ____TS____ DEPUTY

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10        EASTERN DIVISION

11   JUAN GUTIERREZ,                )   No. ED CV 15-00027-ODW (DFM)
                                     )
12            Plaintiff,            )
                                     )   MEMORANDUM AND ORDER
13        v.                        )   DISMISSING FIRST AMENDED
                                     )   COMPLAINT WITH LEAVE TO
14   S. MURAKONDA,                  )   AMEND
                                     )
15            Defendant.           )
                                     )
16   _____)

17

18                                I.

19                        **INTRODUCTION**

20        On January 6, 2015, Plaintiff Juan Gutierrez filed a <u>pro se</u> civil rights

21   complaint pursuant to 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). On March 3,

22   2015, after the Court dismissed the Complaint with leave to amend, Plaintiff

23   filed a first amended complaint. Dkt. 6 ("FAC"). [1] Whereas the original

24   Complaint named Clark Kelso, Jeffrey Beard, Dr. Wade Faerber, and A.

25   Maurice Gonzalez, as Defendants, the FAC names Dr. S. Murakonda as the

26   _____

27        [1] All citations to the Complaint are to the CM/ECF pagination.

28

sole Defendant in her individual capacity only. Id. at 3.[2] Plaintiff contends that Dr. Murakonda violated his Eighth and Fourteenth Amendment rights by her deliberate indifference to his serious medical needs. Id. at 2, 7.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

On May 4, 2014, Plaintiff dislocated his right shoulder while playing softball. FAC at 6. Plaintiff was taken to the hospital, where his shoulder was relocated to its original position. Id. A CT scan taken the same day showed no evidence of shoulder dislocation or fracture. Id. Over the next five months, Plaintiff complained repeatedly about continued pain in his right shoulder and other problems with his right arm, such as numbness in his fingers. Id. An MRI was taken of Plaintiff's shoulder on July 2, 2014; this MRI showed a torn tendon and partially torn muscle in Plaintiff's shoulder. Id.

On September 11, 2014, Dr. Faerber performed surgery on Plaintiff's shoulder. Id. After the surgery, Plaintiff received little or no post-surgery care, physical therapy, or other treatment. Id. On October 14, 2014, Plaintiff wrote a letter to Dr. Faerber asking him some questions regarding his surgery and treatment, to which Dr. Faerber did not respond. Id. Some time later, Plaintiff had a follow-up appointment with Dr. Faerber, who scolded Plaintiff by saying, "You do not write to me! You are a prisoner! You are not my type!"

---

[2] The Complaint named as Defendants Clark Kelso, Jeffrey Beard, Dr. Wade Faerber, D.O., and A. Maurice Gonzalez.

1    Id. Dr. Faerber's comments, which humiliated Plaintiff, were overheard by

2    correctional officers. Id.

3         Dr. Murakonda, his primary care physician at the prison, was

4    deliberately indifferent to his serious medical needs because she (1) delayed

5    Plaintiff's shoulder surgery for four months; and (2) only authorized surgery to

6    relieve pain, not to remedy the "root problem." Id.

### III.

### STANDARD OF REVIEW

9         The Court's screening of the FAC under the foregoing statutes is

10   governed by the following standards. A complaint may be dismissed as a

11   matter of law for failure to state a claim for two reasons:  (1) lack of a

12   cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.

13   See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In

14   determining whether the complaint states a claim on which relief may be

15   granted, its allegations of material fact must be taken as true and construed in

16   the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242,

17   1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court

18   must construe the allegations of the complaint liberally and must afford

19   Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police

20   Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading

21   standard . . . applies only to a plaintiff's factual allegations." Neitze v.

22   Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil

23   rights complaint may not supply essential elements of the claim that were not

24   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

25   Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

26   Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has

27   held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

28   relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

        If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the

4

1  litigation by permitting further amendment").

2  ## IV.

3  ## DISCUSSION

4  To establish an Eighth Amendment claim that prison authorities
5  provided inadequate medical care, a plaintiff must show that a defendant was
6  deliberately indifferent to his serious medical needs. Helling v. McKinney, 509
7  U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v.
8  Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by
9  WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate
10 indifference may be manifested by the intentional denial, delay, or interference
11 with a plaintiff's medical care, or by the manner in which the medical care was
12 provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

13 Furthermore, the defendant must purposefully ignore or fail to respond
14 to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff
15 must allege that, subjectively, the defendant had a "sufficiently culpable state
16 of mind" when medical care was refused or delayed. Clement v. Gomez, 298
17 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076
18 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the
19 inference could be drawn that a substantial risk of serious harm exists, and he
20 must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).
21 An inadvertent failure to provide adequate medical care, mere negligence or
22 medical malpractice, a mere delay in medical care (without more), or a
23 difference of opinion over proper medical treatment, are all insufficient to
24 constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07;
25 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of
26 State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the
27 Eighth Amendment does not require optimal medical care or even medical
28 care that comports with the community standard of medical care. "[A]

5

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." See Gamble, 429 U.S. at 106; see, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that Dr. Murakonda should have authorized a surgery that would have fixed the underlying shoulder injury rather than a surgery that would provide him relief from pain. FAC at 7-8. Plaintiff's exhibits, however, tell a different story. Those exhibits refer to Plaintiff's rotator cuff injury as "irreparable." Id. at 22. Before surgery was performed, Plaintiff's surgeon noted that he had a "massive supraspinatus tear that may not be amenable to repair." Id. at 27. After the surgery, Plaintiff's orthopedist observed that "[d]ue to the patient's irreparable rotator cuff repair, the hemicap resurfacing arthroplasty was performed to provide the patient with pain relief and not to improve his overall function." FAC at 22. Plaintiff's own exhibits thus belie Plaintiff's allegation that Dr. Murakonda acted with deliberate indifference. To the contrary, the exhibits show that surgery was performed and, when the surgeon determined that Plaintiff's rotator cuff could not be repaired, a procedure was performed to provide Plaintiff with pain relief.

Accordingly, the Court finds that Plaintiff has not pleaded any facts to show that Dr. Murakonda purposefully failed to respond to Plaintiff's medical needs. The Court thus finds that Plaintiff's Eighth Amendment deliberate indifference claim is subject to dismissal.

///

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.

## CONCLUSION

Because Plaintiff has failed to state a viable claim against Dr. Murakonda, the FAC is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated:   April 10, 2015

_____

DOUGLAS F. McCORMICK
United States Magistrate Judge